**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 2 9 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against –

MARVIN WELLS, JR.,

Defendant.

08-CR-806-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 7, 2009, Marvin Wells, Jr. was found guilty by a jury of Counts Two, Three, Seven, Ten, and Thirteen of a thirteen-count indictment.

Count Two charged that on April 17, 2007, Wells, together with others, conspired to obstruct justice, in violation of 18 U.S.C. § 1519.

Count Three charged that on April 17, 2007, Wells obstructed justice, in violation of 18 U.S.C. § 1519.

Count Seven charged that between April 17, 2007 and April 20, 2007, Wells attempted to use intimidation and corruptly persuade "CO1," with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States, of information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

Count Ten charged that between April 17, 2007 and April 20, 2007, Wells attempted to use intimidation and corruptly persuade "CO2," with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States, of information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

Count Thirteen charged that on April 1, 2008, Wells falsely stated and represented to a Special Agent of the OIG that he did not use force against or strike "John Doe," in violation of 18 U.S.C. § 1001(a)(2).

Wells was sentenced on February 22, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 18 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 27 and 33 months. The calculation of the total offense level included a two-point enhancement for Wells's abuse of his position of public trust as a corrections officer, and a two-point enhancement for Wells's obstruction of justice, based on obstructive conduct in addition to the charged counts of obstruction. Even if these calculations were excessive from defendant's point of view, the sentence would be the same under section 3553(a).

The offense carried a maximum term of imprisonment of twenty years for Counts Two, Three, Seven, and Ten, 18 U.S.C. §§ 1519 & 1512(b)(3), and five years for Count Thirteen, 18 U.S.C. § 1001(a). The guidelines range of fine was from $6,000 to $60,000.

Wells was sentenced to one year and one day of imprisonment and three years of supervised release. A $500 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offenses of conviction, including obstruction of justice and corrupt persuasion, are serious. Wells was a leader who rose to a position of authority after a long career in the New York City corrections system. He earned the respect of his fellow corrections officers and those under his supervision. The victim, an inmate, was in a position of unique vulnerability and defenselessness. The offenses were an

3

abuse of defendant's position of authority and public trust, and a failure of leadership. In light of defendants' strong background and work history, this seems to have been aberrant behavior. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in obstruction of justice or corrupt persuasion will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his good work history, his supportive family, and the fact that it is unlikely he will again be in a position to commit a similar offense.

Jack B. Weinstein
Senior United States District Judge

Dated: February 24, 2010
      Brooklyn, New York